OPINION cf the Court, by
Judge Logan.
— This is a suit in chancery upon adversary claims to coerce from the appellees the title at law to certain lands for whjch they have obtained the elder patents, but to which the complainant alleges the superior right. It will be proper to examine, first, the title of the complainant, as he can recover only upon the strength of his own, and not through the weakness of his adversary’s claim. He derives bis title under the following entry, viz.
“December 3d, 1785-— William Roberts enters 1200 acres, &c. on both sides of Hardin’s creek, a branch of Ohio, adjoining on the south side of Thomas Marshall’s 400 acre survey at the mouth of Hardin’s creek ; beginning at the northeast corner thereof, a large white oak on the north side of Hardin’s creek ; thence with, his line S. 76 W. to the corner of John May and Co’s, survey of 10,000 in said line ; thence with a line thereof S. 14 E. to William May’s survey of 674 acres ; thence northwardly with the said survey, Ben. Roberts’s 300 acre survey, and Nicholas Lewis’s 500 acre survey for quantity.” !
In the investigation of this claim, several questions of importance and novelty have been presented for const- *417 deration ; upon one of which the court below held t&e entry of the complainant void, and* dismissed his bill, because it was made for a man who was then dead. Whether the reason upon which that court decided is correct or not, does not seem material to inquire ; since we are or opinion tnat the entry cannot, on account of its vagueness, be sustained. It depends on a number of surveys, all of which had been executed, were of»record, and accessible to inquirers; but whether those surveys contained that degree of notoriety or description, which is essential to sustain an adjoining entry, is the question for inquiry.
. E1tr5r deft.c-' tion and poling unrea, Sonable . dilj“ ®™ceo ,n*a,'!
Marshall’s, which is the first of the several surveys called for in the complainant’s entry, hegins “at a large poplar .and sugar tree on the bank of the Ohio, 40 poles above the mouth of Hardin’s creek,” and thence certain courses and distances aronr.d to the beginning.
Hardin’s eresk was generally known by that name, and the corner trees, &c. correspond with the description contained in Marshall's survey, thereby leading with certainty to the precise boundaries of that tract.
The next call is to run from a specified corner of this survev, with a certain line thereof, to a corner of May and Co. From the length of ¡Marshall’s line, although no distance is given in the entry to ascertain May’s corner, yet it is presumable that upon reasonable examination that corner could have been found. But a reference to the survey of Ptlay and Co. then on record, would have shewn the precise distance on Marshall’s line by which to find the corner called for of May and Co. ; for this survey begins on the Ohio, thence up with its meanders to a corner of Marshall’s 400 acre survey, thence certain courses and distances with lines thereof to a corner in the line of Marshall, and thence S. 14 E. 550 poles.
It will be here observed, that there is no call or expression in either Marshall’s, or J. May and Co’s, or William May’s survey of 674 acres, which shews any connection of the latter with either of the former. No aid, therefore, could be derived from the survey of William May, whereby to ascertain the ground it occupies, except from other description ; an examination -of which, and the evidence in this cause, would neither *418 lead an inquirer to it on the score of general notoriety^ nor by any description or direction it contains.
The entry under which the complainant claims, having called then to run with a line of May and Co’s, survey S. 14 E. without giving any distance, to William May’s survey of 674 acres, it becomes important to inquire whether the reasonable and probable ascertainment of the line of W. May’s survey might thereby have been obtained ? It appears by the surveyor’s report and the connected plat, that W. May’s survey of 674-acres is some distance beyond the termination of the line S. 14 E. of J. May and Co’s, survey. An inquire!? having a line upwards of 500 poles to examine for another marked line, which would be understood to be connected therewith, not being able to find the same by the mean thus given, and totally ignorant with respect to the place where a hope itself could be indulged of finding or ascertaining the boundary of William May’s land, might well pronounce that this entry is defective in .description, and not conformable to the re-' quisition of the land law.--Decree affi-rined.